### ELIJAH P. CURTIS ET AL.
### v.
### JAMES E. GOWAN ET AL.

*Municipal Corporations—Injunctions—Payment of Fees for Legal Serrices Rendered City in Action against Officers—Duties of City Attorney—Right of Mayor to Employ Counsel—Ratification of Illegal Act of Board of Aldermen—Dram Shops—Licenses.*

1.   A bill seeking to enjoin the mayor and aldermen of a city from granting licenses to certain parties to keep dram shops, is an action in which the city has an interest, and under the ordinances of the city in question the mayor is warranted in securing counsel to appear and defend such suit, the city attorney having decided not to appear.

2.   Where the action of a board of aldermen, in allowing and ordering paid a claim against the city, was invalid for the lack of a majority vote, but at a subsequent meeting by a majority vote the board passed a resolution adopting, ratifying and confirming such previous action, this resolution was equivalent to an allowance of the claim.

[Opinion filed February 4, 1890.]

Appeal from the Circuit Court of Massac County; the Hon. Robert W. McCartney, Judge, presiding.

Messrs. J. F. McCartney and E. P. Curtis, for appellants.

Mr. C. L. V. Mulkey, for appellees.

Reeves, P. J.   This is a bill filed by appellants, seeking to enjoin the mayor and city clerk of the city of Metropolis, from issuing warrants on the city treasurer, to the aggregate amount of $105, to appellees Jones, Shaver and Mulkey. These warrants were about to be issued to these parties in payment for legal services rendered by them in resisting an application by certain citizens and taxpayers of the city, for an injunction restraining Rankin, as mayor, and Wymore, Gowan and Kramer, as aldermen of the city, from granting licenses to certain persons to keep dram shops within the city limits.

A temporary injunction was issued in the present suit, which on final hearing was dissolved and the bill dismissed. The complainants below, by this appeal, seek to reverse the action of the Circuit Court. There is much in this record which we do not feel called upon to notice, and shall be able in a brief space to present the points upon which we rest our decision of the case.

The application for an injunction, in resisting which Jones, Shaver and Mulkey rendered the services, payment for which, by this proceeding, it is sought to enjoin the city from making, it is asserted, was a proceeding in which the city had no interest; that the city by name was not made a party to it, and therefore the mayor could not employ counsel to appear for the city in the case and thereby bind the city.. We think this is a mistaken view. Whether the city was made a party to the proceeding or not, the whole scope of the bill was to enjoin the mayor and aldermen named, of the city, from doing an act, not as individuals, but as officers of the municipal

government; not ministerial officers, but officers constituting the legislative power of the city. If the licenses sought to be enjoined were granted it would be the act of the municipal corporation. In effect it was seeking to enjoin the city from granting licenses except upon certain conditions. These men had no power, except as the city council, to grant licenses to keep dram shops. What it was sought to enjoin them from doing was what it was claimed they were about to do as the city council. Whether the city, *eo nomine*, was a necessary party or not, seems to us, in this case, immaterial. The city clearly was interested in the proceeding.

It further appears that the city attorney decided, after examination of the bill upon which the application for an injunction was made, that the city had no interest in the litigation, and for that reason did not appear in the case. As already stated, in this he was clearly mistaken. Sec. 7 of the ordinances of the city provides:

" Sec. 7. In the absence, inability, neglect or refusal of the city attorney to prosecute or defend any action required by law to be prosecuted or defended by him, the mayor or city council may employ some competent attorney to perform such duty, and the city council may make such a reduction of the salary of said city attorney, on account of such inability, neglect or refusal to serve, as shall be just and equitable. The city council may, when they deem it necessary, employ some competent attorney to assist the city attorney in the prosecution or defense of any action required by law to be prosecuted or defended by him."

Under this section the mayor had the power, when the city attorney decided that he would not appear in the case and represent the interest of the city, to employ counsel to do so. The fact that the mayor may have spoken to counsel before he knew that the city attorney would not represent the city in the litigation, is not important, as it must be conceded that the services they rendered were performed after the city attorney had so decided.

The action of the city council, on the 8th day of August, 1887, by which the claims of Jones, Shaver and Mulkey were

allowed and ordered paid, and in pursurance of which order the warrants were about to be issued when the temporary injunction was granted, was not a valid action. The record shows that but three aldermen voted for it, and two against it, one alderman being absent. A majority is required for such action. The mayor can only vote when there is a tie.

Afterward on the 12th day of September, 1887, a majority of the city council adopted this resolution: "Whereas, there has been some question as to the legality or regularity of the proceedings at a recent meeting of this body, in allowing and ordering the payment of the claims of B. O. Jones, J. C. Shaver and O. L. V. Mulkey for certain legal services rendered the city at its request, therefore, be it resolved, that we, in full council, adopt said proceedings, and the same are hereby ratified and confirmed."

This, we think, was equivalent to an allowance of these claims. The account allowed was a debt for which the city was liable. The only defect in the action of August 8th was that a majority did not vote for it. By this resolution a majority do ratify the vote of the three members who voted for it August 8th.

The temporary injunction was properly allowed when it was granted, but after the action of the council on the 12th of September it should have been dissolved. We are content with the order of the court below as to the costs.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*